## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

KELVIN V. SCOTT,                    )
                                    )
                  Plaintiff,        )
                                    )
vs.                                 )        NO.  CIV-05-0001-HE
                                    )
JO ANNE B. BARNHART,                )
Commissioner, Social Security       )
Administration,                     )
                                    )
                  Defendant.        )

## ORDER

Plaintiff Kelvin V. Scott brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the defendant Commissioner's final decision denying his application for disability benefits under the Social Security Act.[1]  Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Bana Roberts, who issued her Report and Recommendation recommending the Commissioner's decision be affirmed.

Plaintiff filed a claim for benefits in December, 2002, and, when it was denied initially and on reconsideration, he requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing at which the plaintiff and a vocational expert testified, the ALJ concluded plaintiff was not disabled within the meaning of the Social Security Act.  The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

---

[1]*The captions of the pleadings in this case identify the plaintiff by a number of different middle initials.  "V" appears to be the correct initial.*

The plaintiff has filed an objection to the Report and Recommendation, claiming the magistrate judge's decision is inconsistent and does not adequately address his argument that the ALJ erred in his credibility analysis regarding plaintiff's literacy.  Having considered the plaintiff's objections and conducted a de novo review, the court concurs with the findings of the magistrate judge.

As noted by Judge Roberts, the ALJ erred by ignoring, at least in any explicit sense, the opinion of one of plaintiff's treating physicians and finding plaintiff capable of performing his past relevant work.  However, these errors do not require reversal because the ALJ made an alternative finding at step five[2] that there were other jobs in significant numbers in the regional and national economy which plaintiff could perform at the sedentary level.  See, e.g., Murrell v. Shalala, 43 F.3d 1388, 1389-90 (10th Cir. 1994) (if finding at step five is sufficient basis for denial of benefits, "success on appeal is foreclosed - regardless of the merit of [plaintiff's] arguments relating to step four").[3]  With respect to plaintiff's challenge to the ALJ's decision to discount his claims of illiteracy, the court agrees, for essentially the same reasons set forth by the magistrate judge in the Report and Recommendation, that the ALJ's decision was supported by substantial evidence in the record.

---

[2]*The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (outlining steps utilized to determine disability).*

[3]*Any challenge to the ALJ's use of alternative findings is foreclosed by the Tenth Circuit's decision in Murrell which held such findings to be proper.  Murrell, 43 F.3d at 1389 (rejecting plaintiff's objection to the ALJ's alternative disposition and expressly reaffirming its "favorable view of such dispositions generally").*

2

Accordingly, the Report and Recommendation is **ADOPTED** and the Commissioner's decision denying plaintiff's application for disability benefits is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 7th day of December, 2005.

JOE HEATON
UNITED STATES DISTRICT JUDGE